IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY NUMBER CE0052, | ) ) ) ) |
| Plaintiff, | ) ) NO. 3:20-cv-01037 |
| v. | ) ) JUDGE CAMPBELL ) MAGISTRATE JUDGE HOLMES |
| JUPITER MANAGING GENERAL AGENCY, INC. d/b/a JUPITER AUTO INSURANCE, et al., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Pending before the Court is the Renewed Motion for Leave to File under Seal filed by Defendants Lyndon Southern Insurance Company and Insurance Company of the South (collectively, "Lyndon"). (Doc. No. 84). For the reasons stated herein, the motion is **DENIED**.

### I. STANDARD OF REVIEW

A party seeking to seal a document from public view must provide "compelling reasons" to seal the document, and demonstrate that sealing is narrowly tailored to serve those reasons by analyzing "in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305–06 (6th Cir. 2016). The burden is on the party designating the material as confidential. *Id*. In determining whether sealing is appropriate, the Court weighs the "presumptive right of the public to inspect" judicial material with the interests of privacy. *In re Knoxville News-Sentinel Co., Inc. v. Knoxville Journal Corp.*, 723 F.2d 470, 473-74 (6th Cir. 1983). Typically, in civil litigation, "'only trade secrets, information covered by a recognized privilege (such as attorney-client privilege), and

information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault)'" are enough to overcome the presumption of access. *Shane Grp.*, 825 F.3d at 308. (citation omitted). "The fact that a document will reveal 'competitively-sensitive financial and negotiating information' is not an adequate justification for sealing – rather, 'the proponents of closure bears the burden of showing that disclosure will work a clearly defined and serious injury.'" *Kondash v. Kia Motors America, Inc.,* 767 F. App'x. 635, 639 (6th Cir. 2019) (quoting *Shane Grp.,* 825 F.3d at 307). "[I]n delineating the injury to be prevented, specificity is essential." *Shane Grp.,* 825 F.3d at 308. (citation omitted). In ruling on a motion to seal, "the court must set forth its specific findings and conclusions 'which justify nondisclosure to the public.'" *Kondash*, F. App'x. at 637-38 (quoting *Shane Grp.,* 825 F.3d at 306).

## II. ANALYSIS

The Court previously denied four motions to seal (Doc. Nos. 31, 47, 52, 59) without prejudice to the parties refiling with the necessary analysis under *Shane Grp, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016). (*See* Doc. No. 83). Lyndon filed the pending renewed motion requesting the sealing of: (1) the percentage of commission that it pays Defendant Jupiter Managing General Agency, Inc. ("Jupiter"); and (2) a chart showing the performance of Jupiter's program. (*See* Doc. No. 84 at 4; Doc. No. 73-1 ¶ 7).

In ruling on the motion, the Court must first determine the existence of a trade secret. *Kondash*, 767 F. App'x at 638. The Federal Defend Trade Secrets Act ("DTSA") defines "trade secrets" as follows:

> (3) the term 'trade secret' means all forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing if—

2

> (A) the owner thereof has taken reasonable measures to keep such information secret; and
>
> (B) the information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information;

18 U.S.C. § 1839(3). In the present case, Lyndon submits that it considers its commission amount with Jupiter and the financial metrics of Jupiter's program to be trade secrets because, if revealed, it could cause them competitive disadvantage, and they have reasonable steps to protect against its disclosure. (*See* Doc. No. 84 at 3-4; Doc. No. 73-1 ¶ 3). Lyndon asserts that to protect against the disclosure of this information it designates the structure and pricing terms as confidential, requires disputes concerning the terms to take place in confidential arbitration, and limiting access to the information on a "need-to-know" basis. (Doc. No. 73-1 ¶ 6). Lyndon's efforts to maintain the confidentiality of its commission and the financial metrics of Jupiter's program appear to satisfy the first requirement of the DTSA. It is the second requirement that concerns the Court.

The DTSA requires that a trade secret "derive[] independent economic value" by virtue of not being known or ascertainable by another party who may obtain economic value from its use or disclosure. 18 U.S.C. § 1839(3)(B). Lyndon's argument on this point is that "[p]ublic disclosure … would give Lyndon's existing and future administrator partners a basis to negotiate alternate terms and Lyndon's competitors (other carriers) a roadmap to steal Lyndon's existing customers and outbid Lyndon on future customers." (Doc. No. 84 at 4). The foregoing argument is highly speculative. The Court finds that Lyndon has failed to demonstrate that its commission amount with Jupiter and the financial metrics of Jupiter's program are trade secrets.

Even if a party fails to establish that their document is a trade secret, the Court may still find compelling reasons to place it under seal. *Kondash*, 767 F. App'x. at 638. However, the burden

3

is on the moving party to show a "clearly defined and serious injury." *Shane Grp.*, 825 F.3d at 307. "That a document will reveal 'competitively-sensitive financial and negotiating information' is not an adequate justification for sealing." *Id*. Lyndon's bare assertions that sharing this information may place it at a competitive disadvantage fails to meet the standard. The Court therefore finds no compelling reason to keep Lyndon's commission amount with Jupiter and the financial metrics of Jupiter's program under seal.

### III. CONCLUSION

Lyndon has failed to meet the high burden established in *Shane Grp*. Accordingly, for the reasons stated herein, the Renewed Motion for Leave to File under Seal (Doc. No. 84) is **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE